■ SHALVA SCHLISSER, Respondent, v MICHAEL SCHLISSER, Appellant. [721 NYS2d 339] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered on or about August 17, 2000, which granted plaintiff's motion to confirm the Special Referee's report, denied defendant's motion for a downward modification of his child support obligations, directed that judgment be entered against defendant in the amount of $320,260.83 for child support arrears owing from August 1993 through April 2000, and granted plaintiff's motion to hold defendant in contempt, unanimously affirmed, with costs.

The record shows that defendant's attorney made appropriate efforts to gain defendant's cooperation in preparation for the hearing before the Special Referee, and, on the eve of the hearing, sought to be relieved on the ground that defendant's inaccessibility and uncooperativeness made it impossible for him to provide effective representation at the hearing. Thus, we reject defendant's assertion that, inter alia, his attorney failed to inform him of the hearing, thereby depriving him of due process. Moreover, in the context of plaintiff's motion to confirm the Special Referee's report, which was made after

defendant's attorney had been relieved, defendant was given an additional opportunity to show the substantial change in circumstances required for a downward modification (Domestic Relations Law § 236 [B] [9] [b]) and to defend against the contempt, but his response, which is not included in the record prepared by him, was found by the motion court to consist of only unsupported allegations. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.